## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAMID MAJIDY, | Civil Action No. |
| Plaintiff, | **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| v. | |
| ICONIX BRAND GROUP, INC., F. PETER CUNEO, ROBERT C. GALVIN, JUSTIN BARNES, DREW COHEN, and JAMES MARCUM | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff Hamid Majidy ("Plaintiff") by and through his undersigned attorneys, brings this action on behalf of himself, and alleges the following based upon personal knowledge as to those allegations concerning Plaintiff and, as to all other matters, upon the investigation of counsel, which includes, without limitation: (a) review and analysis of public filings made by Iconix Brand Group, Inc. ("Iconix" or the "Company") and other related parties and non-parties with the United States Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and other publications disseminated by certain of the Defendants (defined below) and other related non-parties; (c) review of news articles, shareholder communications, and postings on the Company's website concerning the Company's public statements; and (d) review of other publicly available information concerning Iconix and the Defendants.

## SUMMARY OF THE ACTION

1.     This is an action brought by Plaintiff against Iconix and the Company's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and SEC Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the proposed acquisition of the Company by Iconix Acquisition Corp., an affiliate of Lancer Capital, LLC ("Lancer") and Iconix Merger Sub (the "Proposed Transaction").

2.     On June 11, 2021, the Company entered into an Agreement and Plan of Merger (the "Merger Agreement") with Lancer.  Pursuant to the terms of the Merger Agreement the Company's shareholders will have the right to receive $3.15 in cash per share of Iconix owned (the "Merger Consideration"). In connection with the Proposed Transaction, Iconix Acquisition Corp, an affiliate of Lancer, commenced a tender offer to acquire all of Iconix's outstanding common stock and will expire on July 30, 2021.

3.     On July 2, 2021, in order to convince the Company's shareholders to vote in favor of the Proposed Transaction, the Board authorized the filing of a materially incomplete and misleading Solicitation Statement with the SEC on Schedule 14D-9 (the "Solicitation Statement").

4.     Accordingly, the failure to adequately disclose such material information constitutes a violation of Sections 14(d), 14(e) and 20(a) of the Exchange Act as Iconix's stockholders need such information in order to make a fully informed decision whether to tender their shares in support of the Proposed Transaction or seek appraisal.

5.     As set forth more fully herein, Plaintiff seeks to enjoin Defendants from proceeding with the Proposed Transaction.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 as Plaintiff alleges violations of Sections 14(d)(4), 14(e) and 20(a) of the Exchange Act.

7.      This Court has personal jurisdiction over all of the Defendants because each is either a corporation that conducts business in, solicits shareholders in, and/or maintains operations within, this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

9.      Plaintiff is, and has been at all times relevant hereto, the owner of Iconix shares.

10.     Defendant Iconix is incorporated under the laws of Delaware and has its principal executive offices located at 1450 Broadway, Third Floor, New York, New York, 10018.  The Company's common stock trades on the NASDAQ stock exchange under the symbol "ICON."

11.     Defendant F. Peter Cuneo ("Cuneo") is and has been the Executive Chairman of the Board of Iconix at all times during the relevant time period.

12.     Defendant Robert C. Galvin ("Galvin") is and has been the Chief Executive Officer ("CEO"), President and a director of Iconix at all times during the relevant time period.

13.     Defendant Justin Barnes ("Barnes") is and has been a, Iconix director at all times during the relevant time period.

14.    Defendant Drew Cohen ("Cohen") is and has been an Iconix director at all times during the relevant time period.

15.    Defendant James Marcum ("Marcum") is and has been an Iconix director at all times during the relevant time period.

16.    Defendants Cuneo, Galvin, Barnes, Cohen, and Marcum are collectively referred to herein as the "Individual Defendants."

17.    The Individual Defendants, along with Defendant Iconix, are collectively referred to herein as "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background of the Company

18.    Iconix Brand Group, Inc. owns, licenses and markets a portfolio of consumer brands including: Candie's, Bongo, Joe Boxer, Rampage, Mudd, Mossimo, London Fog, Ocean Pacific, Danskin, Rocawear, Cannon, Royal Velvet, Fieldcrest, Charisma, Starter, Waverly, Zoo York, Umbro, Lee Cooper, Ecko Unltd., Marc Ecko, Artful Dodger, and Hydraulic. In addition, Iconix owns interests in The Material Girl, Ed Hardy, Truth or Dare, Modern Amusement, Buffalo, and Pony brands. The Company licenses its brands to a network of retailers and manufacturers. Through its in-house business development, merchandising, advertising and public relations departments, Iconix manages its brands to drive greater consumer awareness and brand loyalty.

### The Company Announces the Proposed Transaction

19.    On June 11, 2021, the Company jointly issued a press release announcing the Proposed Transaction.  The press release stated in part:

NEW YORK, June 11, 2021 (GLOBE NEWSWIRE) -- Iconix Brand Group, Inc. (Nasdaq: ICON) ("Iconix" or the "Company") today announced it has entered into a definitive agreement and plan of merger to be acquired by Iconix Acquisition Corp., an affiliate of Lancer Capital, LLC ("Purchaser"), in an all-cash transaction that values Iconix at approximately $585 million, including net-debt.

"Today's announcement represents the culmination of a year-long examination by our Board of Directors of strategic alternatives for the Company," said Bob Galvin, Chief Executive Officer. "After a thorough and deliberative examination of all potential strategic alternatives, the Board of Directors determined that the transaction with Lancer provides the best value for our stockholders. We expect that Iconix will continue developing its brands and supporting its partners as a private company."

Upon the terms and subject to the conditions of the agreement, Purchaser will commence a tender offer to acquire all of the outstanding shares of Iconix's common stock for $3.15 per share, in cash. The offer price per share of common stock represents a premium of 28.6% over Iconix's closing share price on June 10, 2021, the last trading day prior to announcement and a premium of approximately 46.5% over the 30-day average volume weighted share price for the period ended June 10, 2021.

Shares not tendered in the offer will be acquired in a second-step merger at the same cash price as paid in the offer. Closing of the transaction is conditioned upon, among other things, satisfaction of a minimum tender condition, clearance under the Hart-Scott-Rodino Antitrust Improvements Act of 1976 and other customary closing conditions. Upon completion of the transaction, Iconix will become a private company. Iconix currently expects the transaction to close before the end of the third quarter of 2021.

The Iconix board of directors has unanimously approved the transactions contemplated by the agreement, and determined that the agreement and the transactions contemplated by the agreement, are fair to, and advisable and in the best interests of the Company and its stockholders, and recommends the Company's stockholders tender their shares in the offer.

Ducera Partners is serving as financial advisor, and Dechert LLP is serving as legal counsel to Iconix. The Purchaser is being advised by Latham & Watkins LLP. Purchaser has obtained a debt financing commitment from Silver Point Capital.

## FALSE AND MISLEADING STATEMENTS
## AND/OR MATERIAL OMISSIONS IN THE SOLICITATION STATEMENT

20.     On July 2, 2021, the Company authorized the filing of the Solicitation Statement with the SEC.  The Solicitation Statement recommends that the Company's shareholders vote in favor of the Proposed Transaction.

21.     Defendants were obligated to carefully review the Solicitation Statement prior to its filing with the SEC and dissemination to the Company's shareholders to ensure that it did not contain any material misrepresentations or omissions.   However, the Solicitation Statement misrepresents and/or omits material information that is necessary for the Company's shareholders to make informed decisions regarding whether to vote in favor of the Proposed Transaction.

### Material False and Misleading Statements or Material
### Misrepresentations or Omissions Regarding the Company's Financial Projections

22.     The Solicitation Statement contains projections prepared by the Company's management concerning the Proposed Transaction, but fails to provide material information concerning such.

23.     The SEC has repeatedly emphasized that disclosure of non-GAAP projections can be inherently misleading, and has therefore heightened its scrutiny of the use of such projections.[1] Indeed, on May 17, 2016, the SEC's Division of Corporation Finance released new and updated Compliance and Disclosure Interpretations ("C&DIs") on the use of non-GAAP financial

---

[1] *See, e.g.*, Nicolas Grabar and Sandra Flow, Non-GAAP Financial Measures: The SEC's Evolving Views, Harvard Law School Forum on Corporate Governance and Financial Regulation (June 24, 2016), *available at* https://corpgov.law.harvard.edu/2016/06/24/non-gaap-financial-measuresthesecs evolving-views/; Gretchen Morgenson, Fantasy Math Is Helping Companies Spin Losses Into Profits, N.Y. Times, Apr. 22, 2016, available at http://www.nytimes.com/2016/04/24/business/fantasy-mathis-helping-companies-spin-ossesinto-profits.html?_r=0.

measures that demonstrate the SEC's tightening policy.[2] One of the new C&DIs regarding forward-looking information, such as financial projections, explicitly requires companies to provide any reconciling metrics that are available without unreasonable efforts.

24.     In order to make management's projections included in the Solicitation Statement materially complete and not misleading, Defendants must provide a reconciliation table of the non-GAAP measures to the most comparable GAAP measures.

25.     Specifically, with respect to the Company's projections, the Company must disclose the line item projections for the financial metrics that were used to calculate the non-GAAP measures, including: (i) Consolidated EBITDA; (ii) Consolidated Adjusted EBITDA; and (iii) Unlevered Free Cash Flow.

26.     Disclosure of the above information is vital to provide investors with the complete mix of information necessary to make an informed decision when voting on the Proposed Transaction.   Specifically, the above information would provide shareholders with a better understanding of the analyses performed by the Company's financial advisor in support of its opinion.

**Material False and Misleading Statements or Material
Misrepresentations or Omissions Regarding Ducera's Financial Opinion**

27.     The Solicitation Statement contains the financial analyses and opinion of Ducera Partners LLC ("Ducera") concerning the Proposed Transaction, but fails to provide material information concerning such.

---

[2] Non-GAAP Financial Measures, Compliance & Disclosure Interpretations, U.S. SECURITIES AND EXCHANGE COMMISSION (May 17, 2017), *available at* https://www.sec.gov/divisions/corpfin/guidance/nongaapinterp.htm.

28.     With respect to Ducera's *Discounted Cash Flow Analysis*, the Solicitation Statement fails to disclose: (i) the line items used by Ducera to calculate Iconix's unlevered free cash flows; (ii) the terminal values for Iconix; (iii) the inputs and assumptions underlying Ducera's use of the exit adjusted EBITDA multiple ranging from 7.50x-8.50x; (iv) the inputs and assumptions underlying Ducera's use of the range of discount rates ranging from 11.0% to 13.0%; (v) Iconix's estimated weighted average cost of capital; (vi) Iconix's net operating losses and the tax benefits thereof; (vii) the inputs and assumptions underlying Ducera's use of the range of discount rates ranging from 16.0% to 18.0%; and (viii) the Iconix's estimated cost of equity capital.

29.     With respect to Ducera's *Public Trading Peers Valuation Analysis*, the Solicitation Statement fails to disclose: (i) the basis for why only one public peer company was selected and analyzed; (ii) the multiples and metrics for Sequential observed in the analysis; and (iii) the basis for Ducera's use of the multiple range of 7.0x to 8.0x.

30.     With respect to Ducera's *Analysis of Precedent Transaction*, the Solicitation Statement fails to disclose: (i) the closing date of the Galaxy/Apex transaction; and (ii) the transaction value of the Galaxy/Apex transaction.

31.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.  Moreover, the disclosure of projected financial information is material because it provides shareholders with a basis to project the future financial performance of a company and allows shareholders to better understand the financial analyses performed by the Company's financial advisor in support of its fairness opinion.

32.     Without the above described information, the Company's shareholders are unable to cast a fully informed vote on the Proposed Transactions.  Accordingly, in order to provide shareholders with a complete mix of information, the omitted information described above should be disclosed.

### COUNT I

### (Against All Defendants for Violations of Section 14(d)
### of the Exchange Act and Rule 14d-9 Promulgated Thereunder)

33.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

34.     Section 14(d)(4) of the Exchange Act and Rule 14d-9 promulgated thereunder makes it a requirement to make full and complete disclosure in connection with tender offers.

35.     As discussed herein, the Solicitation Statement, while soliciting shareholder support for the Proposed Transaction, misrepresent and/or omit material facts concerning the Proposed Transaction.

36.     Defendants prepared, reviewed, filed and disseminated the false and misleading Solicitation Statement to Iconix's shareholders. In doing so, Defendants knew or recklessly disregarded that the Solicitation Statement failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

37.     The omissions and incomplete and misleading statements in the Solicitation Statement are material in that a reasonable shareholder would consider them important in deciding whether to tender their shares in favor of the Proposed Transaction. In addition, a reasonable investor would view such information as altering the "total mix" of information made available to shareholders.

38.     By virtue of their positions within the Company and/or roles in the process and in the preparation of the Solicitation Statement, Defendants were undoubtedly aware of this information and had previously reviewed it, including participating in the Proposed Transaction negotiation and sales process and reviewing Iconix's financial advisor's complete financial analyses purportedly summarized in the Solicitation Statement.

39.     The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction.

40.     Iconix' is deemed negligent as a result of the Individual Defendants' negligence in preparing and reviewing the Solicitation Statement.

41.     Defendants knew that Plaintiff and other shareholders would rely upon the Solicitation Statement in determining whether to tender their shares in favor of the Proposed Transaction.

42.     As a direct and proximate result of Defendants' unlawful course of conduct in violation of Section 14(d)(4) of the Exchange Act and Rule 14d-9 promulgated thereunder, absent injunctive relief from the Court, Plaintiff and other shareholders will suffer irreparable injury by being denied the opportunity to make an informed decision as to whether to tender their shares in favor of the Proposed Transaction.

43.     Plaintiff has no adequate remedy at law.

### COUNT II

**(Against All Defendants for Violation
Of Section 14(e) of the Exchange Act)**

44.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

45.     Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement in which they made false statements of material fact or failed to state all material facts that would be necessary to make the statements made, in light of the circumstances, not misleading, or engaged in deceptive or manipulative acts or practices, in connection with the Proposed Transaction.

46.     Defendants knew that Plaintiff and the Company's shareholders would rely upon their statements made in the Solicitation Statement in determining whether to tender shares in favor of the Proposed Transaction.

47.     As a direct and proximate result of Defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff and other shareholders will suffer irreparable injury by being denied the opportunity to make an informed decision as to whether to tender their shares in favor of the Proposed Transaction.

## COUNT III

### (Against the Individual Defendants for
### Violations of Section 20(a) of the Exchange Act)

48.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

49.     The Individual Defendants acted as controlling persons of Iconix' within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Iconix', and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

50.     Each of the Individual Defendants were provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

51.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations alleged herein, and exercised the same. The Solicitation Statement contain the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Solicitation Statement.

52.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the Exchange Act, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons and the acts described herein, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act.

53.     As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

54.     Plaintiff has no adequate remedy at law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining Defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.      Directing the Individual Defendants to disseminate an Amendment to the Solicitation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

C.      Directing Defendants to account to Plaintiff for all damages sustained because of the wrongs complained of herein;

D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.      Granting such other and further relief as this Court may deem just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: July 16, 2021                                        Respectfully submitted,

By: */s/ Joshua M. Lifshitz*
Joshua M. Lifshitz
Email: jml@jlclasslaw.com
**LIFSHITZ LAW FIRM, P.C.**
1190 Broadway,
Hewlett, New York 11557
Telephone: (516) 493-9780
Facsimile: (516) 280-7376

*Attorneys for Plaintiff*